H.C.E., representado por Ilia Emmanuelli, recurrido, *v.* The Palmas Academy, peticionaria.

*Número:* CC-2000-952 *Resuelto:* 14 de agosto de 2003

*Carlos Mondríguez*, abogado de The Palmas Academy, parte peticionaria; *Pedro G. Cruz Sánchez*, abogado de H.C.E., parte recurrida; *Roberto J. Sánchez Ramos*, procurador general, *Vanessa Lugo Flores*, subprocuradora general, e *Yvonne Casanova Pelosi*, procuradora general auxiliar, en informe.

EL JUEZ ASOCIADO SEÑOR RIVERA PÉREZ emitió la opinión del Tribunal.

Mediante el presente recurso, la parte peticionaria solicita de este Tribunal la revocación de una resolución emitida por el Tribunal de Circuito de Apelaciones, la cual declaró no ha lugar la solicitud de expedición de un auto de revisión administrativa. El Tribunal de Circuito de Apelaciones fundamentó su decisión de no expedir el auto solicitado en que el recurso no fue perfeccionado conforme a derecho, debido a deficiencias en el apéndice. Las deficiencias señaladas consisten en no haber incluido en el apéndice del recurso de revisión copia de ciertos documentos presentados en evidencia ante el foro administrativo.

Nos corresponde determinar si constituye un requisito jurisdiccional el incluir en el apéndice de un recurso de revisión administrativa, presentado ante el Tribunal de Circuito de Apelaciones, copia de la prueba documental presentada ante la agencia recurrida.

I

The Palmas Academy es una institución sin fines de lucro que ofrece un programa denominado Montesori, el cual provee un sistema de enseñanza no estructurado que permite mayor flexibilidad en la selección de las actividades que los niños pueden desempeñar.

La Sra. Ilia Emmanuelli, madre del menor H.C.E., solicitó admisión para su hijo en la referida institución educativa. Los padres del menor interesaban que el niño fuera admitido en el programa preescolar que ofrecía dicha institución.[1] Según el Informe de Evaluación Psicométrico que le fuera practicado al menor por la Dra. Alice M. Ouslán, realizado como parte de los requisitos de admisión a la referida institución académica, éste confronta ciertos problemas: dificultad del habla y demora en su desarrollo neurológico, comunicológico, perceptual-motor, cognoscitivo y de conducta.[2] Se describió su nivel de funcionamiento intelectual como promedio bajo y se recomendó que el menor formara parte de un grupo preescolar pequeño y bien estructurado.[3] Los resultados de la referida prueba fueron informados a The Palmas Academy.

Entre los requisitos de admisión se establecía que, de ser necesario, se le administrarían exámenes adicionales a los niños solicitantes.[4] Al menor H.C.E. se le requirió to-

---

[1] Apéndice, pág. 124.

[2] Íd., pág. 93.

[3] Íd.

[4] Íd., pág. 126. El inciso (2) de los Requisitos para Admisión de "The Palmas Academy" lee como sigue:

mar un examen. Con posterioridad a la administración del referido examen, la Sra. Marisol Collazo, en representación de The Palmas Academy, le remitió a la señora Emmanuelli una carta fechada 6 de agosto de 1999,[5] en la cual le notificó que su hijo no había sido admitido a dicha institución educativa por los motivos siguientes:

1. Admissions tests show that he is below his grade level.
2. The Psychometric and psychological exam report shows specific recommendations for a structured learning environment.
3. The Psychometric and psychological exam report recommend a student and teacher ratio of ten students to one teacher.
4. Specific recommendations for consistent, dedicated attention to the child.
5. Specific recommendations for a traditional school learning environment.

El 25 de agosto de 1999 la señora Emmanuelli presentó una querella contra The Palmas Academy, ante la Oficina del Procurador de Personas con Impedimento (en adelante O.P.P.I.), en la cual adujo que la querellada había denegado la admisión del menor a causa de su condición. Solicitó, además, que se investigara el porqué se le había negado al menor la admisión a dicha institución educativa, si ésta se beneficiaba de fondos federales que recibía por razón de su comedor escolar.

El 13 de abril de 2000 la O.P.P.I. emitió su resolución final y notificó a las partes con copia de ésta.[6] Concluyó que el niño H.C.E. era una persona impedida y que The Palmas Academy violó las disposiciones de la Ley Federal de Rehabilitación de 1973[7] al no admitirlo, toda vez que la referida institución es recipiente de fondos federales que

---

"2. Psychometric Evaluation (Preschool to Grade 6). Evaluation must include observations and recommendations plus additional testing if necessary."

[5] Apéndice, pág. 156.

[6] Íd., págs. 42–66.

[7] 29 U.S.C.A. sec. 701 et seq.

obtiene a través del Departamento de Educación de Puerto Rico. Por tal razón, adjudicó la indemnización siguiente:

1. The Palmas Academy le pagará a los querellantes diez mil dólares como compensación por los daños sufridos como consecuencia de sus acciones.

2. The Palmas Academy le reembolsará los cien dólares de cuota de solicitud de admisión a los querellantes.

3. The Palmas Academy deberá corregir toda su documentación oficial para incluir en sus avisos que no discrimina por razón de impedimentos.

4. The Palmas Academy deberá pagar mil dólares en honorarios de abogados.

Insatisfecha con la determinación de la agencia administrativa, la querellada presentó una moción de reconsideración el 3 de mayo de 2000 ante la O.P.P.I.[8] Dicha moción de reconsideración fue declarada "no ha lugar" el 23 de mayo de ese mismo año.[9]

The Palmas Academy recurrió ante el Tribunal de Circuito de Apelaciones, mediante solicitud de revisión administrativa.[10] El foro intermedio apelativo emitió una resolución el 31 de agosto de 2000, mediante la cual denegó dicho recurso, copia de cuya notificación se archivó en autos el 5 de septiembre de ese mismo año. Dicho foro determinó que no podía ejercer su función revisora en cuanto a los errores señalados, toda vez que, en contravención a lo dispuesto en la Regla 59(E) del Reglamento del Tribunal de Circuito de Apelaciones (en adelante Reglamento del TCA),[11] *no se había incluido en el apéndice de la solicitud de revisión cierta evidencia documental que estuvo ante la consideración del foro administrativo, en la que se fundamentó su determinación.* Los documentos a los cuales hizo referencia son: (1) la copia del examen de admisión que le

---

[8] Apéndice, pág. 67.

[9] Íd., pág. 35.

[10] Íd., pág. 5.

[11] 4 L.P.R.A. Ap. XXII–A.

fue suministrado al menor por The Palmas Academy; (2) copia de un informe suscrito por el Dr. Miguel Cerón, pediatra del menor; (3) copia de su expediente médico, y (4) copia del contenido del testimonio ofrecido por los agentes de The Palmas Academy, en la vista administrativa, en lo concerniente a cómo es un día de clase típico en la institución educativa.

El 20 de septiembre de 2000 The Palmas Academy presentó una moción de reconsideración ante el Tribunal de Circuito de Apelaciones,([12]) la cual fue declarada no ha lugar el 29 de septiembre de 2000.([13]) Se archivó en autos copia de la notificación de la referida resolución el 10 de octubre de 2000.([14])

El 9 de noviembre de 2000 The Palmas Academy presentó ante nos una petición de *certiorari*. Le imputó al foro intermedio apelativo la comisión de los errores siguientes:

> 1. ERRO [SIC] EL TRIBUNAL DE CIRCUITO DE APELACIONES AL DENEGAR EL AUTO SOLICITADO LUEGO DE CONCLUIR QUE LA PETICIONARIA NO ACOMPAÑO [SIC] EN SU RECURSO DE REVISION [SIC] LA EVIDENCIA NECESARIA PARA EJERCER SU FUNCION [SIC] REVISORA SOBRE LOS ERRORES SEÑALADOS.
> 2. ERRO [SIC] EL TRIBUNAL DE CIRCUITO DE APELACIONES AL CONCLUIR QUE LA INCLUSION [SIC] DE COPIA DEL EXAMEN DE ADMISION [SIC] SUMINISTRADO AL MENOR RECURRIDO EN EL APENDICE [SIC] DEL RECURSO DE REVISION [SIC] PRESENTADO POR LA PETICIONARIA ERA INDISPENSABLE PARA PODER EJERCER SU FUNCION [SIC] REVISORA, CUANDO TODOS LOS ERRORES ALLI [SIC] SEÑALADOS MUY BIEN PUDIERON SER ADJUDICADOS INDEPENDIENTEMENTE DEL CONTENIDO DE DICHO DOCUMENTO.
> 3. ERRO [SIC] EL TRIBUNAL DE CIRCUITO DE APELACIONES AL CONCLUIR QUE LA PETICIONARIA NO INCLUYO [SIC] COPIA DEL INFORME MEDICO [SIC] DEL DR. MIGUEL CERON [SIC] EN EL APENDICE [SIC] DE SU

---

([12]) Apéndice, pág. 157.

([13]) Íd., pág. 187.

([14]) Íd., pág. 186.

RECURSO DE REVISION [SIC], CUANDO LO CIERTO ES QUE DICHO DOCUMENTO FUE INCLUIDO COMO APENDICE [SIC] XIII DE DICHO ESCRITO.
4. ERRO [SIC] EL TRIBUNAL DE CIRCUITO DE APELACIONES AL CONCLUIR QUE LA PETICIONARIA NO EVIDENCIO [SIC] EN SU RECURSO DE REVISION [SIC] EL CONTENIDO DE LA NARRACION [SIC] QUE OFRECIERA EN LA VISTA ADMINISTRATIVA A LOS EFECTOS DE ESTABLECER COMO ES UN DIA [SIC] TIPICO [SIC] EN SU SALON [SIC] DE CLASES, CUANDO DICHA INFORMACION [SIC] NO ERA PERTINENTE A LA ADJUDICACION [SIC] DE LOS ERRORES ALLI [SIC] SEÑALADOS.
5. ERRO [SIC] EL TRIBUNAL DE CIRCUITO DE APELACIONES AL ABUSAR DE SU DISCRECION [SIC] Y NEGARLE A LA PETICIONARIA SU DERECHO A REVISION [SIC] JUDICIAL. Petición de *certiorari*, págs. 7–8.

El 9 de marzo de 2001, en reconsideración, expedimos el auto de *certiorari* solicitado. Con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de resolver.

## II

■ El Art. 4.002(g) de la Ley de la Judicatura de Puerto Rico de 1994,[15] provee que el Tribunal de Circuito de Apelaciones conocerá "[m]ediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa".

■ La Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante Ley de Procedimiento Administrativo Uniforme),[16] dispone lo siguiente:

Una parte adversamente afectada por una *orden o resolución final de una agencia* y que haya agotado todos los reme-

---

[15] Ley Núm. 1 de 28 de julio de 1994, según enmendada, 4 L.P.R.A. sec. 22k(g).

[16] Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2172.

dios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.(17) La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. (Énfasis suplido.)

Surge de las disposiciones precitadas el propósito de establecer un procedimiento uniforme de revisión de las determinaciones finales de una agencia administrativa. A tono con esa visión, en *Martínez v. Depto. del Trabajo,* 145 D.P.R. 588, 592 (1998),(18) establecimos que del lenguaje de la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme, *supra,* surge claramente la intención legislativa de que los recursos de revisión se perfeccionen y notifiquen a las partes dentro del término de treinta

---

(17) La Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2165, dispone que:

"La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales."

(18) Véase también *Méndez v. Corp. Quintas San Luis,* 127 D.P.R. 635, 637 (1991).

días, contados desde el archivo en autos de copia de la orden o resolución final de la agencia administrativa. Estos requisitos son de naturaleza jurisdiccional.[19]

 La Regla 83 del Reglamento del Tribunal de Circuito de Apelaciones[20] dispone, entre otras cosas, que dicho foro, a solicitud de parte o por iniciativa propia, podrá denegar un recurso discrecional por no haber sido perfeccionado de acuerdo con la norma aplicable. La Regla 59(E) de este Reglamento, *supra*, dispone que todo recurso de revisión incluirá un apéndice con una serie de documentos que enumera la referida norma reglamentaria. Debido a que el término para perfeccionar un recurso de revisión administrativa es jurisdiccional, el apéndice deberá completarse y presentarse dentro de dicho término. En su defecto, el referido recurso no se habrá perfeccionado y el foro intermedio apelativo carecerá de jurisdicción para dilucidar los méritos del asunto.[21]

La Regla 59(E) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, detalla aquellos documentos que son esenciales, de los cuales se debe incluir copia en el apéndice. Dispone lo siguiente:

(E) *Apéndice.—*
(1) La solicitud incluirá un apéndice que contendrá una copia literal de:
(a) Las alegaciones de las partes ante la agencia, a saber: la solicitud original, la querella o la apelación, las contestaciones a las anteriores hechas por las demás partes.
(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.
(c) La orden, resolución o providencia administrativa cuya revisión se solicita, incluyendo las determinaciones de hechos

---

[19] Íd.

[20] 4 L.P.R.A. Ap. XXII–A.

[21] *Martínez v. Depto. del Trabajo*, supra; *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428, 430 (1984); *Maldonado v. Pichardo*, 104 D.P.R. 778, 783 (1976).

y las conclusiones de derecho en que esté fundada, si las hubiere.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de revisión, o que sean relevantes a ésta.

(f) *Cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil al Tribunal de Circuito de Apelaciones en la resolución de la controversia.*

(g) En caso de que en apoyo al escrito de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la(s) regla(s) o la(s) sección(es) del reglamento que sea(n) pertinente(s). (Énfasis suplido.)

En el caso de autos, el Tribunal de Circuito de Apelaciones desestimó el recurso de revisión administrativa presentado, al concluir que la recurrente había omitido incluir como parte del apéndice del recurso "parte de la evidencia que estuvo ante la consideración del foro administrativo y en la que se fundamenta la decisión recurrida".[22] Fundamentó su determinación en que, a su juicio, no se había dado cumplimiento a la Regla 59(E)(f) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, ya que la recurrente había omitido incluir en el apéndice la evidencia documental que formaba parte del expediente original en la agencia y que el Tribunal de Circuito de Apelaciones consideró como necesario en la atención y resolución del asunto ante sí.

La Regla 59(E) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, no hace referencia alguna a que la parte recurrente esté obligada a incluir en el apéndice que acompaña el recurso de revisión administrativa la prueba documental considerada por la agencia al emitir su determinación final. Nunca hemos considerado como un re-

---

[22] Apéndice, pág. 4.

quisito jurisdiccional la inclusión en el apéndice del recurso de revisión de la prueba documental que consideró la agencia recurrida y que formó parte del expediente original ante sí. La Ley de Procedimiento Administrativo Uniforme provee a la parte adversamente afectada por una determinación administrativa final el derecho a que el Tribunal de Circuito de Apelaciones determine discrecionalmente si habrá de entender en los méritos del recurso. Según provee la mencionada Sec. 4.2 del referido estatuto, la revisión administrativa es el recurso para revisar los méritos de una resolución u orden final de una agencia administrativa, disponible para una parte afectada. Debido a que podría resultar muy costoso y oneroso para esa parte reproducir toda la prueba documental considerada por la agencia administrativa, exigir la inclusión de copia de ésta tendría el efecto de menoscabar el remedio exclusivo que provee la Ley de Procedimiento Administrativo Uniforme. Por tal razón, la Regla 59(E)(f) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, al requerir que se acompañe en el apéndice cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil a ese tribunal en la resolución de la controversia, no puede interpretarse como que exige la inclusión en éste de copia de toda la prueba documental ofrecida en evidencia durante el trámite administrativo como requisito jurisdiccional.

██ La Regla 77(C) del Reglamento del Tribunal de Circuito de Apelaciones[23] dispone lo siguiente:

(C) *Legajo en revisión administrativa.*— El legajo en los casos de revisión administrativa consistirá del apéndice que debe formar parte del escrito, junto al apéndice que debe formar parte del alegato de la parte recurrida, más una exposición de la prueba testifical cuando así lo autorice el tribunal. *En todo caso el Tribunal de Circuito de Apelaciones, motu pro-*

---

[23] 4 L.P.R.A. Ap. XXII–A.

*prio o a solicitud de parte, podrá ordenar la elevación del expediente original.* (Énfasis suplido.)

■ La citada regla provee efectivamente para que el foro intermedio apelativo, motu proprio o a solicitud de parte, ordene la elevación del expediente original, de entender que es necesario para ejercer su discreción sobre la solicitud de expedición del auto solicitado. Por ello no resulta práctico requerir al recurrente que incurra en la costosa y onerosa misión de incluir copia de toda la prueba documental y material ofrecida y considerada por el foro administrativo. Si analizamos la naturaleza de la prueba que puede ser presentada ante la agencia administrativa, tenemos que colegir forzosamente lo oneroso que puede resultar para la parte recurrente reproducir toda la evidencia documental y material presentada. Existe evidencia que no podría ser reproducida para su inclusión en el apéndice del recurso de revisión, por su naturaleza intrínseca. Cierto tipo de evidencia real nunca podría ser reproducida para incluirla en un apéndice, razón por la cual la Regla 77 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, provee para que se eleven los autos originales ante la agencia, de manera que el Tribunal de Circuito de Apelaciones pueda tener ante sí toda la prueba presentada ante el foro administrativo.[24] De hecho, la agencia administrativa mantiene en sus autos toda la prueba documental, real, ilustrativa o demostrativa presentada durante la celebración de la vista administrativa.[25] Por tal razón, concluimos que no debe considerarse como un defecto jurisdiccional fatal que cause la desestimación de un recurso de revisión, el no incluir en su apéndice la prueba documen-

---

[24] Véanse: J.E. Fontanet Maldonado, *Principios y técnicas de la práctica forense*, 2da ed., Jurídica Editores, 2002, pág. 37 *et seq.*; E. Batista Ortiz, *El abogado defensor puertorriqueño: litigación, vivencias, casos y coometarios*, San Juan, Ed. Situm, 2001, Vol. II, pág. 349 *et seq.*; E.L. Chiesa Aponte, *Tratado de derecho probatorio: reglas de evidencia de Puerto Rico y federales*, Santo Domingo, Ed. Corripio, 1998, T. II, pág. 1049 *et seq.*

[25] Íd.

tal, real, ilustrativa o demostrativa presentada y considerada por la agència en la vista administrativa.

La desestimación del recurso de revisión fue errónea, toda vez que el foro intermedio apelativo no podía requerir a la parte recurrente que incluyera en su apéndice la evidencia documental presentada ante la agencia administrativa. Exigir tal esfuerzo constituiría un disuasivo para que nuestros ciudadanos no utilicen el remedio exclusivo del recurso que tienen disponible para revisar una decisión final de una agencia administrativa que les afecta.

## III

Por los fundamentos antes expuestos, *se emitirá sentencia mediante la cual se revoca la dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso a ese foro para la continuación de los procedimientos.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García no intervino.