Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JAVIER CALCAÑO BRIGNONI<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>**SR. NELSON MERCADO FELICIANO, SUPERINTENDENTE ANEXO 296, GUAYAMA**<br><br>Recurrido | KLRA202300493 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br><br>Sobre:<br>Certiorari, Mandamus, Devolución de Pertenencias |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

## I.

El 14 de septiembre de 2023, el señor Javier Calcaño Brignoni (señor Calcaño Brignoni o recurrente), quien se encuentra confinado en la Institución Anexo 296 de Guayama, presentó un recurso de revisión judicial, por derecho propio y de forma *pauperis*. En su escrito, solicitó que se le ordene al superintendente de dicho complejo correccional, el señor Nelson Mercado Feliciano (señor Mercado Feliciano), a devolverle al recurrente y los demás reclusos toda pertenencia confiscada. Alegó que el señor Mercado Feliciano impuso una suspensión de noventa (90) días de privilegios por medida de seguridad en la que se confiscaron: tenis, chancletas, televisores y consolas de videojuegos. Según esgrimió el recurrente, aunque la acción respondió a situaciones ocurridas de incautación de contrabando y muertes por sobredosis, constituyó un abuso de

poder por el funcionario. Sin embargo, no especificó cuál determinación desea impugnar, ni cuándo se emitió. Igualmente, obvió acompañar su petitorio con copia de la determinación recurrida. De hecho, no adjuntó documento alguno.

Autorizamos al recurrente a comparecer por derecho propio y de forma *pauperis*.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

**II.**

El Art. 4.002 de la "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003", Ley Núm. 201-2003, según enmendada, establece que este Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar "...como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia."[1] Asimismo, el inciso (c) del Art. 4.006 de la citada Ley[2] dispone que este tribunal podrá revisar mediante <u>recurso de revisión judicial</u> las **decisiones, órdenes y resoluciones finales de organismos o agencias administrativas**.

A su vez, el Tribunal Supremo ha expresado que: "[l]a existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya

---

[1] 4 LPRA sec. 24u.
[2] 4 LPRA sec. 24y.

derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." *Pérez Soto v. Cantera Pérez Inc. et al.,* 188 DPR 98, 104–105 (2013), *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011).

Aún más, el derecho procesal apelativo autoriza que se desestime un recurso si la parte promovente incumple con las reglas referentes al perfeccionamiento del mismo. *Arriaga v. F.S.E.*, 145 DPR 122, 129-132 (1998). No puede quedar al arbitrio de los representantes legales o de las partes, aun cuando comparezcan por derecho propio, decidir cuándo y cómo cumplen con las disposiciones reglamentarias y legales. *Hernández Maldonado v. Taco Maker*, supra; *Febles v. Romar*, 159 DPR 714, 722 (2003). Estos tienen la obligación de cumplir fielmente con lo dispuesto en nuestro ordenamiento sobre el trámite a seguir para el perfeccionamiento de un recurso. Íd.

A tenor con las disposiciones reglamentarias del Tribunal de Apelaciones, la parte recurrente incluirá en el cuerpo del recurso de revisión judicial **una referencia a la decisión, reglamento o providencia administrativa a la que alude, una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**, un señalamiento breve y conciso de los errores que a su juicio cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida. Regla 59 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 59 (C).

Además, el recurso de revisión judicial **contendrá un apéndice**. La Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, R. 59 (E), dispone en lo pertinente que:

> (1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) [...]

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita,** incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes. (Énfasis nuestro).

La citada regla establece que el Tribunal de Apelaciones, *motu proprio* o a solicitud de la parte recurrente, podrá autorizar la presentación de esos documentos. En ese caso, la parte recurrente deberá someterlos en un término de quince (15) días, contado a partir de la fecha de notificación de la resolución del tribunal en la que se le autoriza a presentarlos.

Si bien dejar de incluir algún documento no acarrea la desestimación del recurso de forma automática, resulta preciso imponer un análisis en cuanto a la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. La desestimación solo procederá como sanción cuando se trate de la omisión de documentos esenciales para resolver la controversia, cuando dicha omisión cause perjuicio sustancial o impida la revisión judicial en

sus méritos. ***Carlo Emmanuelli v. The Palmas Academy***, 160 DPR 182 (2003); ***Tribunal Examinador de Médicos de Puerto Rico v. Flores Villar***, 129 DPR 687 (1991). Recordemos que "el apéndice viene a ser realmente el 'expediente judicial' del foro de primera instancia, en que descansa el [Tribunal de Apelaciones] y, eventualmente, el Tribunal Supremo, para descargar sus responsabilidades y prerrogativas como foros de apelación." H.A. Sánchez Martínez, *op. cit.*, pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

Ante estas circunstancias, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, faculta a este foro apelativo para desestimar un recurso.

### III.

En el caso de marras, el señor Calcaño Brignoni alegó que el superintendente de la institución penal en la que se encuentra recluido se excedió en sus funciones al confiscarle al recurrente y los demás confinados varios tipos de pertenencias como medida de seguridad ante varias situaciones de contrabando y muertes por sobredosis. No obstante, el recurrente no hizo referencia específica a la determinación tomada por el superintendente ni la fecha en que se emitió. Más aún, omitió incluir copia de la determinación y de cualquier trámite realizado ante el Departamento de Corrección y Rehabilitación por motivo de la medida de seguridad y sus efectos. En suma, el escrito solo cuenta con la expresión general del recurrente de que "[...] el Sr. Nelson Mercado Feliciano impuso una Regla 9 con medida de seguridad de 90 días calendario por situaciones ocurridas en el edificio 1 [...]".

El incumplimiento del señor Calcaño Brignoni con las disposiciones reglamentarias antes mencionadas nos impide auscultar nuestra jurisdicción y entender los hechos procesales y

materiales del caso. La omisión de documentos indispensables y esenciales, como lo es la determinación del superintendente Mercado Feliciano, nos impide de ejercer nuestra función revisora. A la luz de ello y en virtud de las normas jurídicas pormenorizadas, procede la desestimación del presente recurso.

**IV.**

Por los fundamentos expuestos, se *desestima* el recurso de revisión judicial.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones