ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CHRISTOPHER HERNÁNDEZ COLLAZO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400064 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PA-840-23 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2024.

El 5 de febrero de 2024, el señor Christopher Hernández Collazo (señor Hernández Collazo o recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) presentó *in forma pauperis* y por derecho propio[1] un escrito ante este foro intermedio, al que se refirió como *Demanda.* En esencia, nos solicita la asignación de representación legal para el reclamo de sus derechos. Entre sus contenciones, alegó que el DCR no ha calculado correctamente la extinción de su sentencia. Indicó que le "tienen que disminuir la sentencia", en virtud de las bonificaciones por estudio presuntamente adquiridas, así como tres meses y cuatro días de reclusión preventiva. Asevera que el máximo de su tabla no ha variado y exige un nuevo cómputo. Sobre este particular, enunció que se entregó el 28 de diciembre de 2022, sin embargo, dijo que el DCR no consideró ese hecho y, en su lugar, consignó el día 29. A esos efectos, arguye que "le están robando" un día. Por igual, el recurrente peticiona la aplicación de la Ley Núm. 85 de 11 de octubre de 2022, la cual,

---

[1] El señor Hernández Collazo no presentó la *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* (OAT 1480).

Número Identificador

SEN2024 _____

entre otras disposiciones, enmendó el Artículo 308 del Código Penal de 2012,[2] con el fin de establecer los términos para cualificar para la consideración de la Junta de Libertad Bajo Palabra. De otro lado, plantea que al palio de la Ley Núm. 87 de 4 de agosto de 2020, que enmendó el Plan de Reorganización del DCR de 2011,[3] le concedieron un 20%, pero asegura que es acreedor de un 23%. Sostiene que está rehabilitado y nos intima a ordenar su inmediata excarcelación. Además, el señor Hernández Collazo exige un cambio de custodia de mediana a mínima.

El recurrente acotó que llevará "esta demanda hasta las últimas consecuencias", toda vez que denuncia un abuso de poder y la violación de derechos por parte de los funcionarios del DCR. En su pedimento también solicita que notifiquemos a las partes demandadas y a otras entidades.

Por otra parte, el recurrente indica que ha agotado todos los remedios administrativos; y menciona, por ejemplo, el caso PA-840-23. No obstante, el señor Hernández Collazo no anejó junto a su escrito copia de alguna respuesta a una solicitud de remedios, ni una resolución en reconsideración a la cual recurrir. A pesar de sus alegaciones, el recurrente tampoco incluyó una relación de los hechos procesales y pertinentes a la referida acción administrativa, ni un señalamiento de los errores que entiende fueron cometidos por el DCR.

En vista de lo anterior, acordamos eximir a la parte recurrida de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. Como se conoce, la norma provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente

---

[2] Ley Núm. 146 de 30 de julio de 2012, 33 LPRA sec. 5001 *et seq.*
[3] Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, 3 LPRA, Ap. XVIII.

despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5). Anticipamos la desestimación de la causa del título por falta de jurisdicción.

**I.**

El Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.*, dispone sobre la jurisdicción y competencia de este tribunal intermedio para revisar, como cuestión de derecho, **las decisiones finales de las agencias y los organismos administrativos**. 4 LPRA sec. 24u. Por su parte, el Artículo 4.006 del estatuto establece la revisión de las resoluciones finales de los entes administrativos mediante el recurso de revisión judicial. 4 LPRA sec. 24y. Cónsono con ello, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.*, en la Sección 4.5 establece el alcance de la revisión judicial. 3 LPRA sec. 9675. En particular, dispone que este tribunal de segunda instancia sostendrá las **determinaciones de hechos** de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo; revisará en todos sus aspectos las **conclusiones de derecho**; y podrá conceder al recurrente el **remedio apropiado** si determina que a éste le asiste el derecho. Por consiguiente, en ausencia de un dictamen final revisable, estamos impedidos de ejercer nuestra función judicial.

En lo atinente a este caso, si bien dejar de incluir algún documento no implica la desestimación automática del recurso, debemos ponderar la naturaleza e importancia del documento suprimido para la consideración del recurso.

> Aunque la exigencia del apéndice sea un requisito jurisdiccional —**lo cual implica que la omisión de la totalidad del apéndice produce necesariamente la desestimación del recurso**— el dejar de incluir algún documento o página de un documento no acarrea, automáticamente, la desestimación del recurso sino que presupone un análisis, en cuanto a la naturaleza

del documento o folio omitido y su importancia para la consideración del recurso. Como principio de aplicación general diremos que únicamente **la omisión de documentos que puedan ser considerados esenciales acarrean la desestimación del recurso**. (Énfasis nuestro). H.A. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, § 1507, pág. 333.

.     .     .     .     .     .     .     .

El apéndice es particularmente importante en los recursos de revisión judicial, toda vez que los foros apelativos dependemos exclusivamente de los documentos anejados para revisar la decisión del ente administrativo impugnado. En este tipo de recurso, el apéndice equivale al expediente del caso, a base del cual actuó la agencia recurrida. *Id.*, § 2906, pág. 537. A esos fines "es responsabilidad exclusiva de la parte peticionaria preparar un apéndice con todos los documentos que sean indispensables para el tribunal". *Id.* Ello así, el apéndice es esencial para dirimir los méritos o deméritos de la determinación administrativa, así como para constatar nuestra jurisdicción sobre la causa. *Id.*

En el caso de las revisiones judiciales, la Parte VII del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59, dispone todo lo concerniente a estos recursos. En lo que nos atañe, el inciso (E) de la Regla 59 de nuestro Reglamento, *supra,* versa en particular sobre el contenido de los apéndices:

.     .     .     .     .     .     .     .

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) **Las alegaciones de las partes ante la agencia**, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

.     .     .     .     .     .     .     .

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(d) Toda moción, resolución u orden necesaria para **acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta. (Énfasis nuestro.)

.      .      .      .      .      .      .      .

Así, pues, se colige que, cuando la omisión en el apéndice se trate de documentos esenciales para resolver la controversia, de manera que impida la revisión judicial en sus méritos, procede decretar la desestimación. Véase, *Emmanuelli v. Palmas*, 160 DPR 182, 191 (2003). En armonía, el Reglamento de Tribunal de Apelaciones nos concede facultad para desestimar un recurso cuando carecemos de jurisdicción. En específico, el inciso (C) de la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83 (C), dispone que, a iniciativa propia, este foro intermedio puede desestimar un recurso por cualesquiera de los motivos consignados en el inciso (B) precedente. A tales efectos, el inciso (B) de la citada norma establece, entre sus fundamentos para la desestimación, aquellas instancias en que el Tribunal de Apelaciones carece de jurisdicción, así como cuando el recurso no se haya presentado con diligencia. 4 LPRA Ap. XXII-B, R. 83 (B) (1) (3).

**II.**

En el caso del epígrafe, el señor Hernández Collazo no incluyó ningún documento de apéndice, tal como es requerido por la reglamentación de este foro revisor. En particular, el recurrente omitió incluir alguna determinación administrativa final revisable. Tampoco solicitó someter los documentos con posterioridad, conforme se contempla en nuestra reglamentación. Refiérase a la

Regla 59 (E) (2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E) (2).

A pesar de que alegó que procedía una rebaja a su condena y un cambio a la custodia mínima, el recurrente omitió incluir los documentos relacionados con sus alegaciones y las determinaciones finales con la postura del DCR ante los reclamos. Por ende, la petición de revisión judicial adolece de los documentos indispensables para, primero, auscultar si tenemos jurisdicción; y segundo, para justipreciar si las determinaciones de hechos de la agencia se sustentan en el expediente administrativo, si el DCR aplicó o no correctamente el derecho y si el recurrente es realmente acreedor de los remedios que peticiona.

De conformidad con lo expuesto, somos del criterio que el incumplimiento sustancial del señor Hernández Collazo, al dejar de perfeccionar el recurso, nos priva de jurisdicción para atender sus contenciones. Consecuentemente, al palio de la Regla 83 de nuestro Reglamento, *supra,* procede la desestimación de la revisión judicial de autos.

**III.**

Por los fundamentos expuestos, se desestima el recurso de revisión judicial.

Se instruye a la Secretaria del Departamento de Corrección y Rehabilitación a entregar copia de esta *Sentencia* al señor Christopher Hernández Collazo, en cualquier institución carcelaria donde éste se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones