Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| Josué Ortiz Colón<br><br>Peticionario<br><br>v.<br><br>E.L.A. De P.R. y Otros<br><br>Recurrido | KLCE202400355 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.<br><br><br><br>Sobre:<br>Violación Derechos<br>Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de abril de 2024.

## I.

El 25 de marzo de 2024, el señor Josué Ortiz Colón (señor Ortiz Colón o peticionario), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), presentó una *Solicitud de Certiorari*, por derecho propio y de forma *pauperis*. Solicitó que se le exima del pago de arancel por razón de indigencia. Mediante este, nos peticionó revisar y revocar una *Orden* emitida el 22 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI).[1] En esta, el TPI no eximió al señor Ortiz Colón del pago de aranceles por razón de indigencia en una acción que el peticionario instó sobre violación de derechos, debido a que no contestó adecuadamente todos los incisos del Formulario OAT-1480, titulado *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia.*

En su comparecencia ante nos, el señor Ortiz Colón manifestó no estar conforme con la determinación del TPI, dado

---

[1] Apéndice de *Solicitud de Certiorari*, Anejo III, págs. 11-12. Archivada y notificada en autos el 28 de febrero de 2024.

que, a su mejor entender, completó en su totalidad el referido Formulario OAT-1480 ante el Foro Primario. El peticionario esgrimió que el Formulario OAT-1480 no está diseñado para las personas que se encuentran confinadas y que su interpretación formalista obstaculiza la disposición de los asuntos de forma justa, rápida y económica. No obstante, hacemos notar que el señor Ortiz Colón no nos colocó en condición para conocer el contenido de lo que informó al TPI mediante el Formulario OAT-1480 que fue rechazado por dicho foro, debido a que no incluyó el documento en cuestión en el expediente ante nos.

En virtud de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y dada las circunstancias particulares de este caso, prescindiremos de la comparecencia de la parte recurrida con el propósito de lograr su más justo y eficiente despacho.

## II.

El Artículo 4.002 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, dispone que el Tribunal de Apelaciones revisará "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". 4 LPRA sec. 24u.

La presentación de un recurso apelativo está regulada por el Reglamento del Tribunal de Apelaciones, *supra*, y las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Para que un recurso apelativo quede perfeccionado, tanto las partes como sus representantes legales deben observar rigurosamente este conjunto de normas que rigen la práctica apelativa puertorriqueña. ***Pérez Soto v. Cantera Pérez, Inc. et al.***, 188 DPR 98, 104-105 (2013). Aun cuando una parte comparezca por derecho propio, debe cumplir fielmente con

las normas reglamentarias y legales aplicables a la práctica apelativa para que el recurso quede perfeccionado. ***Hernández Maldonado v. Taco Maker***, 181 DPR 281 (2011); ***Febles v. Romar***, 159 DPR 714, 722 (2003). Pues, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". ***Febles v. Romar***, *supra*.

El derecho procesal apelativo autoriza que se desestime un recurso si la parte promovente incumple con las reglas referentes a su perfeccionamiento. ***Arriaga v. FSE***, 145 DPR 122, 129-132 (1998). Asimismo, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (C) permite que, a iniciativa propia, esta Curia apelativa desestime un recurso.

Para que una solicitud de *certiorari* quede perfeccionada, la parte peticionaria debe cumplir con las normas atinentes al contenido del escrito. En tal sentido, el escrito de *certiorari* contendrá un apéndice, compuesto de, entre otros, una copia literal de lo siguiente:

> [...]
>
> **(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.**
>
> **(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.** Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, R. 34 (Énfasis nuestro).

Si bien soslayar incluir algún documento no acarrea la desestimación del recurso de forma automática, resulta preciso imponer un análisis en cuanto a la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho procesal apelativo: práctica jurídica de Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. La desestimación solo procederá cuando se trate de la omisión de

documentos esenciales para resolver la controversia, cuando dicha omisión cause perjuicio sustancial o impida la revisión judicial en sus méritos. ***Carlo Emmanuelli v. The Palmas Academy***, 160 DPR 182 (2003); ***Tribunal Examinador de Médicos de Puerto Rico v. Flores Villar***, 129 DPR 687 (1991). Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. H. A. Sánchez Martínez, *op. cit.,* pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". *Íd.* Ante estas circunstancias, esta Curia apelativa podrá desestimar un recurso. Regla 83 del Reglamento del Tribunal de Apelaciones, *supra,* R. 83.

### III.

En el caso de marras, el señor Ortiz Colón presentó un recurso de *certiorari* sin acompañar el Formulario OAT-1480 que presentó ante el TPI y que dicho foro evaluó. Al este Tribunal carecer del documento en el cual se fundamentó la *Orden* recurrida, el peticionario incumplió sustancialmente con los requisitos de la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra,* R. 34, cuyo cumplimiento es necesario para su perfeccionamiento. Desconocemos el contenido del documento que provocó la determinación recurrida.

El expediente de la *Solicitud de Certiorari* ameritaba contener el aludido Formulario OAT-1480 presentado por el peticionario ante el TPI, puesto que dicho documento era esencial para que esta Curia apelativa esté en posición de evaluar la corrección de la *Orden* recurrida y resolver la controversia planteada ante nos. Por todo lo anterior, resulta forzoso concluir que estamos imposibilitados de atender este recurso en sus méritos. Así las cosas, a tenor con la Regla 83 del Reglamento del Tribunal de

Apelaciones, *supra,* R. 83, procede desestimar este recurso por craso incumplimiento con el Reglamento de este Tribunal.

**IV.**

Por los fundamentos expuestos, se desestima el recurso de epígrafe por craso incumplimiento con el Reglamento del Tribunal de Apelaciones, *supra,* al no incluir los documentos necesarios para ejercer nuestra función revisora.

Notifíquese a todas las partes. El DCR deberá entregar copia de la presente *Resolución* al señor Ortiz Colón en cualquier institución donde se encuentre confinado.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones. El Juez Sánchez Ramos concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones