Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JONATHAN RIVERA MONGE<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDO | KLRA202400605 | *Revisión Judicial* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm. No consta<br><br>Sobre: No consta |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

## I.

El Sr. Jonathan Rivera Monge (señor Rivera Monge o recurrente) quien se encuentra confinado en la Institución 500 de Guayama, Puerto Rico, presentó un recurso de *Revisión Judicial*, por derecho propio y de forma *pauperis*. En su escrito, nos solicitó que revoquemos la determinación de la Junta de Libertad Bajo Palabra de denegarle cumplir el resto de su sentencia bajo el privilegio de libertad condicional. En esa línea, el recurrente arguyó que ha cumplido en completar con los requisitos necesarios para obtener el beneficio del privilegio de libertad condicional.

Autorizamos al recurrente a litigar in forma pauperis y por derecho propio.

En su escrito este puntualizó que su primera solicitud se afectó, tras arrojar positivo en la prueba toxicológica. A pesar de ello, el recurrente alegó que se sometió a varios tratamientos y terapias para corregir la situación. Al culminar los tratamientos,

nuevamente, se realizó una prueba toxicológica la cual resultó ser negativa. Así las cosas, el recurrente expuso que, solicitó una vez más el privilegio de libertad condicional y el mismo fue denegado. Consecuentemente, el recurrente señaló que no ha recibido un trato equitativo pese a rehabilitarse y cumplir con los requisitos estatutarios para beneficiarse del privilegio de libertad condicional.

Alega que ha cumplido con todas las terapias requeridas por el Departamento de Corrección y Rehabilitación (DCR). En otros términos, el recurrente no especificó cuál determinación desea impugnar, ni cuándo se emitió. Igualmente, obvió acompañar en su petitorio copia de la determinación recurrida. Además, tampoco adjuntó documento alguno.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

## II.

El Art. 4.002 de la "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003", Ley Núm. 201-2003, según enmendada, establece que este Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar "…como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia."[1] Asimismo, el inciso (c) del Art. 4.006 de la citada Ley[2] dispone que este tribunal

---

[1] 4 LPRA sec. 24u.
[2] 4 LPRA sec. 24y.

podrá revisar mediante <u>recurso de revisión judicial</u> las **decisiones, órdenes y resoluciones finales de organismos o agencias administrativas**.

A su vez, el Tribunal Supremo ha expresado que: "[l]a existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." ***Pérez Soto v. Cantera Pérez Inc. et al.,*** 188 DPR 98, 104–105 (2013), ***Hernández Maldonado v. Taco Maker***, 181 DPR 281 (2011). Aún más, el derecho procesal apelativo autoriza que se desestime un recurso si la parte promovente incumple con las reglas referentes al perfeccionamiento de este. ***Arriaga v. F.S.E.***, 145 DPR 122, 129-132 (1998). No puede quedar al arbitrio de los representantes legales o de las partes, aun cuando comparezcan por derecho propio, decidir cuándo y cómo cumplen con las disposiciones reglamentarias y legales. ***Hernández Maldonado v. Taco Maker***, supra; ***Febles v. Romar***, 159 DPR 714, 722 (2003). Estos tienen la obligación de cumplir fielmente con lo dispuesto en nuestro ordenamiento sobre el trámite a seguir para el perfeccionamiento de un recurso. Íd.

A tenor con las disposiciones reglamentarias del Tribunal de Apelaciones, la parte recurrente incluirá en el cuerpo del recurso de revisión judicial **una referencia a la decisión, reglamento o providencia administrativa a la que alude, una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**, un señalamiento breve y conciso de los errores que a su juicio cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida. Regla 59 (C) del Reglamento del Tribunal de Apelaciones, *supra,* R. 59 (C).

Además, el recurso de revisión judicial **contendrá un apéndice**. La Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, R. 59 (E), dispone en lo pertinente que:

> (1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:
>
> (a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.
> (b) [...]
> (c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita,** incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.
> (d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.
> (e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.
> (f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.
> (g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes. (Énfasis nuestro).

Si bien dejar de incluir algún documento no acarrea la desestimación del recurso de forma automática, resulta preciso imponer un análisis en cuanto a la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. La desestimación solo procederá como sanción cuando se trate de la omisión de documentos esenciales para resolver la controversia, cuando dicha omisión cause perjuicio sustancial o impida la revisión judicial en sus méritos. ***Carlo Emmanuelli v. The Palmas Academy***, 160 DPR 182 (2003); ***Tribunal Examinador de Médicos de Puerto Rico v. Flores Villar***, 129 DPR 687 (1991). Recordemos que "el apéndice viene a ser realmente el 'expediente judicial' del foro de primera

instancia, en que descansa el [Tribunal de Apelaciones] y, eventualmente, el Tribunal Supremo, para descargar sus responsabilidades y prerrogativas como foros de apelación." H.A. Sánchez Martínez, *op. cit.*, pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

Ante estas circunstancias, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra,* R. 83, faculta a este foro apelativo para desestimar un recurso.

**III.**

En el caso de marras, el señor Rivera Monge acudió ante esta curia solicitando que revoquemos la determinación de la Junta de la Libertad Bajo Palabra tras denegarle el privilegio de libertad condicional. Asimismo, alegó que dicha determinación fue injusta ya que este cumple con los requisitos estatutarios para beneficiarse del mencionado privilegio.

No obstante, el recurrente no incluyó la determinación tomada por la Junta de Libertad Bajo Palabra de la que recurre. Tampoco incluyó copias sobre los trámites que este haya realizado en relación con su solicitud. En fin, el escrito solo contiene alegaciones en contra de la determinación de la Junta de Libertad Bajo Palabra.

El incumplimiento del señor Rivera Monge con las disposiciones reglamentarias antes mencionadas nos impide auscultar nuestra jurisdicción, revisar el tracto procesal y el derecho aplicable. La falta de documentos necesarios e indispensables nos imposibilita poder ejercer nuestra función revisora. A la luz de ello y en virtud de las normas jurídicas pormenorizadas, procede la desestimación del presente recurso.

**IV.**

Por los fundamentos expuestos, se *desestima* el recurso de revisión judicial.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones