Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>JOSÉ DE JESÚS GENAO CRUZ<br><br>*Peticionario* | TA2025CE00349 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Bayamón<br><br>Caso Núm.:<br>D VI2008G0082<br><br>Sobre:<br>Infr. Art. 106 CP |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

El 22 de agosto de 2025, el señor José de Jesús Genao Cruz (señor Genao Cruz o peticionario) compareció ante este Tribunal de Apelaciones, por derecho propio, mediante el recurso de *Certiorari* de epígrafe que tituló *Moción en Solicitud de Auxilio*[1]. Luego, el 22 de septiembre de 2025, presentó una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*[2], la cual declaramos *Con Lugar* el 24 de septiembre de 2025. Por otro lado, el 10 de octubre de 2025, el peticionario sometió una *Moción en Solicitud de Auxilio*[3] en la cual reiteró lo solicitado en su recurso de *Certiorari*; pero, en esta ocasión, incluyó varios anejos. En síntesis, nos solicitó que le ordenáramos al Ministerio Público (Pueblo o recurrido) entregar toda evidencia exculpatoria, las pruebas de ADN y que se le otorgue una nueva representación legal.

Por los fundamentos que expondremos adelante, **desestimamos** el recurso de *Certiorari* presentado y declaramos **No Ha Lugar** la solicitud en auxilio de jurisdicción.

---

[1] Véase entrada #1, SUMAC TA.
[2] Véase entrada #3, SUMAC TA.
[3] Véase entrada #5, SUMAC TA.

## I.

El señor Genao Cruz presentó el recurso de *Certiorari* ante este foro intermedio el 22 de agosto de 2025. En el mismo, indicó que se encuentra cumpliendo su sentencia en el complejo Correccional de Guayama. Arguyó que, el 22 de noviembre de 2024, presentó ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido) una *Moción Ley de ADN Post Sentencia Ley Núm. 246-2015, 34 LPRA sec. 4021*[4], en la cual solicitó que se le ordenara al recurrido proveer toda evidencia científica exculpatoria obtenida para la concesión de un nuevo juicio.

Es por lo anterior que, el 3 de diciembre de 2024[5], el TPI emitió una *Resolución* en la que ordenó lo siguiente:

> "Se ordena que el Ministerio Público provea cualquier y/o toda evidencia exculpatoria obtenida durante la investigación y procesamiento del caso de epígrafe. Inclúyanse pruebas de ADN tomadas durante el proceso investigativo del caso. El convicto alega que se tomaron muestras de ADN a evidencia ocupada que no le fue entregada a la defensa. Para dar cumplimiento a esta Orden se conceden 30 días.
>
> De otra parte, se refiere la moción presentada por el convicto por derecho propio, para que sea evaluada por el Proyecto Inocencia de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico"[6].

Así las cosas, el 20 de marzo de 2025, el peticionario presentó una *Moción Informativa*[7] solicitando información sobre el estatus del proceso. Posteriormente, el 24 de marzo de 2025[8], el foro recurrido emitió una *Resolución y Orden* en la cual dispuso: "[c]omparezca el Ministerio Público en los próximos 10 días y exponga su posición con relación a la Resolución dictada el 3 de diciembre de 2024, notificada el 10 de diciembre de 2024, en la cual se les concedía 30 días para comparecer". Nuevamente, el 25 de junio de 2025, el señor Genao Cruz presentó una *Moción Informativa en Solicitud de Estatud*

---

[4] *Íd.*, Anejos, págs. 11-12 y 17-21.
[5] Notificada el 10 de diciembre de 2024.
[6] Véase entrada #1, SUMAC TA, Apéndice 2, págs. 3-4.
[7] Véase entrada #5, SUMAC TA, Anejos, págs. 1-2.
[8] Notificada el 27 de marzo de 2025.

*[sic]*[9], en la cual le solicitó al TPI que emitiera una Orden para conocer el estatus del caso.

Al no recibir respuesta, el 22 de agosto de 2025, el señor Genao Cruz presentó el recurso de epígrafe, en el que reiteró la entrega de los documentos solicitados y, a su vez, solicitó que se le otorgara una nueva representación legal.

Examinado el expediente y a los fines de auscultar nuestra jurisdicción, el 3 de septiembre de 2025, emitimos *Resolución* en la que solicitamos al peticionario que incluyera documentación adicional concerniente a su reclamación. Posteriormente, el 24 de septiembre de 2025[10], este foro emitió otra *Resolución* en la cual concedió al señor Genao Cruz un término final e improrrogable a vencer el 3 de octubre de 2025, para presentar los referidos documentos. De igual forma, se dispuso que el incumplimiento con lo ordenado podría dar lugar a la desestimación del recurso.

En respuesta, el 10 de octubre de 2025, el peticionario presentó *Moción en Solicitud de Auxilio*, en la cual reiteró lo solicitado en el recurso. Además, acompañó dicha moción con los siguientes escritos: *Moción de Ley de ADN Post Sentencia Ley Núm. 246-2015, 34 LPRA sec. 4021; Moción Informativa y Moción Informativa en Solicitud de Estatud [sic].*

Así las cosas, el 16 de octubre de 2025[11], emitimos una *Resolución* concediéndole al recurrido hasta el 27 de octubre de 2025 para que se expresara en torno al recurso presentado. En cumplimiento, el Pueblo, por conducto de la Oficina del Procurador General de Puerto Rico, compareció mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* En el mismo expuso que, el caso debía de ser desestimado porque el

---

[9] Véase entrada #5, SUMAC TA, Anejos, págs. 4-7.
[10] Notificada el 25 de septiembre de 2025.
[11] Notificada el 20 de octubre de 2025.

peticionario incumplió con los requisitos del Reglamento del Tribunal de Apelaciones[12] y con los criterios que requiere la *Ley Núm. 246-2015, según enmendada, conocida como la "Ley de ADN Post Sentencia"*[13]. Así pues, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[14]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[15]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[16]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[17].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[18], señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[12] Reglamento *del Tribunal de Apelaciones*, según enmendada, In Re Aprob. Enmda. Reglamento TA, 2025 TSPR 42, 215 DPR _____ (2025).

[13] 34 LPRA sec. 4021 nota *et seq.*

[14] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[15] *Íd.*

[16] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.

[17] *Íd.*

[18] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia[19].

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[20]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[21]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[22]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[23]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia"[24]. Ante

---

[19] *Íd.*

[20] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[21] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[22] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[23] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[24] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

dicho escenario, la **Regla 83 del Reglamento del Tribunal de Apelaciones**[25] contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[26].

**-C-**

Nuestro más Alto Foro ha expresado que: "[l]a existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados"[27]. Inclusive, el Tribunal Supremo ha resuelto expresamente que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales[28]. Por ello, el derecho procesal apelativo autoriza que se desestime un recurso si la parte promovente incumple con las reglas referentes al perfeccionamiento del mismo[29].

A tenor con las disposiciones reglamentarias del Tribunal de Apelaciones, la parte peticionaria incluirá en el cuerpo de la petición de *certiorari* **una referencia a la decisión a la que alude, una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, un señalamiento breve y conciso de los errores que a su juicio cometió el Tribunal de Primera Instancia**[30]. (Énfasis nuestro).

---

[25] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[26] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[27] *Pérez Soto v. Cantera Pérez Inc. et al.,* 188 DPR 98, 104–105 (2013).
[28] *Febles v. Romar*, 159 DPR 714 (2003).
[29] *Arriaga v. F.S.E.*, 145 DPR 122, 129-132 (1998).
[30] Regla 34 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

De igual forma, la petición de *certiorari* contendrá un Apéndice. La Regla 34 (E)(1) del Reglamento del Tribunal de Apelaciones[31], dispone en lo pertinente que:

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) **Las alegaciones de las partes, a saber**:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
(ii) **en casos criminales, la denuncia y la acusación, si la hubiere.**

(b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta**.

(e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.** (Énfasis nuestro).

[…].

Empero, dejar de incluir algún documento no acarrea, de forma automática, la desestimación del recurso. La Regla 34 (E) (2) del Reglamento del Tribunal de Apelaciones confiere al tribunal la facultad de permitir la presentación de los documentos del apéndice con posterioridad a la fecha[32]. No obstante, al evaluar si procede la desestimación, se impone un análisis en cuanto a la naturaleza del documento o folio omitido y su importancia para la consideración

---

[31] Regla 34 (E)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[32] Regla 34 (E)(2) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

del recurso[33]. La desestimación solo procederá como sanción cuando se trate de la omisión de documentos esenciales para resolver la controversia, cuando dicha omisión cause perjuicio sustancial o impida la revisión judicial en sus méritos[34].

Ante estas circunstancias, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, faculta a este foro apelativo a desestimar un recurso.

### III.

Tras revisar minuciosamente el expediente ante nuestra consideración, pudimos constatar que el señor Genao Cruz no anejó documento alguno cuya revisión nos solicita. Tampoco incluyó una relación clara y concisa de los hechos materiales que originaron la presentación del recurso. Por consiguiente, desconocemos por cual delito fue encontrado culpable, la pena a la cual fue sentenciado, cuáles fueron sus planteamientos ante el foro recurrido y el error imputado.

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[35], el cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de *Certiorari* presentado y declaramos ***No Ha Lugar*** la solicitud en auxilio de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación, quien deberá

---

[33] H.A. Sánchez Martínez, *Derecho Procesal Apelativo*, Puerto Rico, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333.
[34] *Carlo Emmanuelli v. The Palmas Academy*, 160 DPR 182 (2003).
[35] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                                  Lcda. Lilia M. Oquendo Solís
                            Secretaria del Tribunal de Apelaciones