ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MICHAEL DELGADO RODRÍGUEZ<br><br>Apelante<br><br>V.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Apelado | TA2025AP00561 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: NBCI202400247<br><br>Sobre: Revisión de falta administrativa |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece el señor Michael Delgado Rodríguez (señor Delgado Rodríguez o apelante) y solicita la revisión de tres (3) *Resoluciones* emitidas el 17 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[1] Mediante los referidos dictámenes, el foro primario declaró No Ha Lugar sus recursos de revisión de multas de ciertas multas tránsito.

El apelante alegó que el TPI abusó de su discreción al declarar No Ha Lugar su recurso de revisión, pese a que el agente del orden público que expidió los boletos no compareció a las vistas en las que se presentó prueba en contrario. Asimismo, planteó que el tribunal apelado despachó livianamente el caso, a pesar de que cuestionó la constitucionalidad de los Artículos 2.48 (E), 12.02 (A) y 12.07 (B) de la *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22-2000, según enmendada, 9 LPRA secs. 5048, 5352 y 5357. Arguyó que dichas disposiciones violaban su derecho constitucional a una notificación adecuada y a su debido proceso de ley, al eliminar el

---

[1] Apéndice 6 del recurso TA2025AP00561. Notificada el 31 de octubre de 2025.

aviso visible del vencimiento de derechos que proveía el marbete y no proveer una notificación adecuada mediante el sello digital.

Por su parte, el 15 de diciembre de 2025, el Departamento de Transportación y Obras Públicas (DTOP), representado por la Oficina del Procurador General (OPG o apelado), presentó su alegato y sostuvo que el apelante incumplió con varios requisitos del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025). En particular, señaló que el señor Delgado Rodríguez omitió incluir en el apéndice documentos esenciales para la revisión del recurso, tales como los recursos de revisión presentados ante el TPI y los boletos impugnados, lo que impedía la función revisora de este Tribunal y justificaba su desestimación.

Por los fundamentos que siguen, se desestima este recurso por craso incumplimiento con las Reglas de este Tribunal, *supra*.

**I.**

**A**. **Perfeccionamiento de un recurso apelativo**

La presentación de un recurso apelativo se rige por el Reglamento del Tribunal de Apelaciones, *supra*, y las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Para su perfeccionamiento, las partes y sus representantes legales deben cumplir rigurosamente con las normas que gobiernan la práctica apelativa. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104-105 (2013).

El derecho procesal apelativo permite desestimar un recurso si la parte promovente incumple con los requisitos necesarios para su perfeccionamiento. *Arriaga v. FSE*, 145 DPR 122, 129-132 (1998). En tal sentido, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (C) autoriza a este Tribunal a desestimar un recurso *motu proprio* por carecer de jurisdicción, presentación tardía, falta de diligencia o buena fe, frivolidad o academicidad.

Para perfeccionar un recurso de apelación, el apelante debe cumplir, además, con los requisitos relativos al contenido del escrito. En particular, la Regla 16 (E) del Reglamento del Tribunal de Apelaciones, *supra*, R. 16 (E), dispone que un escrito de apelación en un caso civil debe incluir un apéndice con copia literal de:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de esta;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia física o electrónicamente, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a este;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.

La omisión de un documento en el apéndice no conlleva automáticamente la desestimación del recurso, puesto que esta procede únicamente cuando se trata de documentos esenciales cuya ausencia causa un perjuicio sustancial o impide la revisión del caso en sus méritos. *Carlo Emmanuelli v. The Palmas Academy*, 160 DPR 182 (2003); H. Sánchez Martínez, *Derecho procesal apelativo: práctica jurídica de Puerto Rico*, Lexis Nexis, 2001, pág. 333.

En los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia, pues sobre este descansa la capacidad del tribunal revisor para cumplir su función adjudicativa. H. A. Sánchez Martínez, *op. cit.,* pág. 314. Por ello, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". *Íd.*

### B. **Revisión de faltas administrativas de tránsito**

Los agentes del orden público están facultados para expedir boletos por cualquier falta administrativa de tránsito. Artículo 23.05

de la *Ley de Vehículos y Tránsito de Puerto Rico, supra,* sec. 5685. La persona afectada por la notificación de una multa administrativa podrá solicitar revisión judicial ante el Tribunal de Primera Instancia dentro del término de treinta (30) días contados desde la fecha de recibo de la notificación, mediante una solicitud presentada ante la Secretaría del Tribunal. *Íd.;* Véase también *Torres et al. v. Mun. San Juan,* 208 DPR 586 (2022); *Hernández v. Secretario,* 164 DPR 390, 399 (2005).

En dicho recurso deberán exponerse los fundamentos en que se apoya la impugnación de la falta administrativa de tránsito. *Íd.* Además, una vez recibidos los documentos, el Tribunal señalará vista dentro de un término no mayor de sesenta (60) días a partir de la fecha de su recibo. *Íd.*

El Tribunal revisará en sus méritos las cuestiones de hecho y de derecho que dieron lugar a la imposición y notificación de la falta administrativa de tránsito y dictará su resolución dentro de un término de cinco (5) días contados desde la celebración de la vista, la cual tendrá carácter de final y definitiva. *Íd.*

**II.**

En el presente recurso, el señor Delgado Rodríguez incumplió de forma crasa con los requisitos de perfeccionamiento dispuestos en el Reglamento del Tribunal de Apelaciones, *supra,* lo que impidió que este foro apelativo atendiera el recurso en sus méritos y evaluara el aspecto sustantivo de la revisión de las faltas administrativas de tránsito impugnadas.

Del apéndice ante nos surgió que el apelante omitió documentos indispensables para el ejercicio de la función revisora, entre ellos el escrito principal del recurso de revisión presentado ante el foro primario, los boletos de multas de tránsito impugnados y documentos que reflejaran los asuntos discutidos en la vista ante el TPI. La ausencia de los boletos impugnados impidió examinar la

naturaleza de las infracciones adjudicadas, mientras que la omisión del escrito de revisión de las multas administrativas presentado ante el foro *a quo* imposibilitó conocer los argumentos sustantivos esgrimidos al solicitar la revisión de las multas administrativas.

Asimismo, aunque el apelante alegó que el agente del orden público que expidió los boletos de faltas administrativas de tránsito no compareció a las vistas y las mismas fueron controvertidas, el recurso carece de transcripciones, minutas u otra constancia de la prueba oral que sustente lo anterior. En consecuencia, el señor Delgado Rodríguez no puso a este Tribunal en posición de determinar si, en efecto, se controvirtieron las faltas imputadas, pues la adjudicación apelativa no puede descansar en meras alegaciones. Por tanto, en este caso la alegada incomparecencia del agente en cuestión no constituyó, por sí sola, fundamento suficiente para revocar la determinación apelada.

La omisión de estos documentos privó a esta curia apelativa de los elementos mínimos necesarios para evaluar las alegaciones del apelante. Se reitera que el apéndice en los foros apelativos equivale al expediente del tribunal de instancia, y que la capacidad revisora del tribunal apelativo depende de que el expediente esté completo.

Además, resulta pertinente señalar que este Tribunal atendió previamente el recurso KLCE202500456, en el cual se denegó la expedición del auto de *certiorari* al concluir que el TPI no erró en derecho al rechazar la solicitud del apelante de declarar inconstitucional ciertos artículos de la *Ley de Vehículos y Tránsito de Puerto Rico, supra.* Posteriormente, el Tribunal Supremo también proveyó No Ha Lugar a la petición de certiorari presentada para revisar dicha determinación. En ese contexto, este Tribunal ya consignó que, si bien el recibo de un recordatorio adicional sobre la fecha de vencimiento del sello digital podría resultar conveniente, la licencia del vehículo consignaba claramente su fecha de expiración y

el Centro de Servicios al Conductor (CESCO) proveía de forma digital la información relacionada con el vencimiento de la licencia de conducir, la licencia vehicular y el sello digital. Por consiguiente, se estableció que el agrado o desagrado del apelante con el mecanismo utilizado por el Estado para notificar el vencimiento del sello digital no constituía, por sí, una transgresión constitucional.

Así las cosas, procede la desestimación del recurso conforme a la Regla 83(C) del Reglamento de este Tribunal, *supra*, por craso incumplimiento con las normas que rigen el perfeccionamiento de los recursos apelativos, lo cual impidió revisar el caso en sus méritos.

### III.

Por los fundamentos que anteceden, se desestima el recurso presentado por el señor Delgado Rodríguez.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones