ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>RAÚL TOMÁS GONZÁLEZ JORGE<br><br>Peticionario | TA2026CE00089 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K VI2013G0047<br><br>Sobre: Asesinato |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2026.

El 9 de enero de 2026, el señor Raúl Tomás González Jorge (señor González Jorge o peticionario) presentó el recurso que nos ocupa, por derecho propio e *in forma pauperis*, en solicitud de que revisemos una *Orden* emitida el 4 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En esta, el foro primario denegó su solicitud de nuevo juicio en virtud de las Reglas 185 y 192.1 de Procedimiento Criminal, 34 LPRA Ap. II.

El peticionario alegó que la pena impuesta era excesiva, que mediaron errores fundamentales y que se vulneraron sus derechos constitucionales, incluyendo la falta de una adecuada representación legal y la determinación de que disparó con la mano derecha cuando era zurdo. Además, adujo que, desde 2013, mantenía una buena conducta y participaba en programas de rehabilitación, circunstancias que debían considerarse para reducir la pena. Ante ello, solicitó que se dejara sin efecto la sentencia y se le concediera un nuevo juicio o una nueva sentencia.

---

[1] Notificada el 5 de noviembre de 2025.

El 2 de febrero de 2026, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, solicitó la desestimación del recurso por craso incumplimiento con la Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), al no incluirse documentos indispensables en el apéndice, como la *Sentencia* cuya revisión se interesaba y la moción presentada al amparo de las Reglas 185 y 192.1 de Procedimiento Criminal, *supra*, lo que impedía que este foro apelativo evaluara la controversia, afectándose su jurisdicción.

En la alternativa, sostuvo que, aun en los méritos, el recurso debía denegarse por tratarse de una sentencia legal que advino final y firme, por lo que no era susceptible de modificación fuera de los términos jurisdiccionales aplicables. Señaló que la solicitud de modificación se presentó más de once (11) años después de dictada la *Sentencia*, por lo que resultaba tardía y el TPI carecía de autoridad para alterarla. En consecuencia, solicitó la desestimación del recurso o, en su defecto, la denegatoria de su expedición.

Por los fundamentos que se exponen a continuación, se desestima el recurso presentado por el peticionario.

## I.

### A. Perfeccionamiento de un recurso apelativo

La presentación de un recurso apelativo se rige por el Reglamento del Tribunal de Apelaciones, *supra*, y las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Para su perfeccionamiento, las partes y sus representantes legales deben cumplir rigurosamente con las normas que gobiernan la práctica apelativa. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104-105 (2013).

El derecho procesal apelativo permite desestimar un recurso si la parte promovente incumple con los requisitos necesarios para su perfeccionamiento. *Arriaga v. FSE*, 145 DPR 122, 129-132 (1998). En

tal sentido, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* autoriza que este Tribunal desestime un recurso *motu proprio* por carecer de jurisdicción, presentación tardía, falta de diligencia o buena fe, frivolidad o academicidad.

Para perfeccionar un recurso de *certiorari,* el peticionario debe cumplir, además, con los requisitos sobre el contenido del escrito. En particular, la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra,* dispone que un escrito de *certiorari* debe contener:

> [...]
> (C) Cuerpo
> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> (a) En la comparecencia, el nombre de las partes peticionarias.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari.*
> La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.
> **(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.**
> **(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.**
> **(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**
>
> [...]
>
> (E) Apéndice
> (1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:
> (a) Las alegaciones de las partes, a saber:
> (i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
> (ii) en casos criminales, la denuncia y la acusación, si la hubiere.
> **(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.**

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.

**(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.** […] (Énfasis nuestro).

La omisión de un documento en el apéndice no conlleva automáticamente la desestimación del recurso, puesto que esta procede únicamente cuando se trata de documentos esenciales cuya ausencia causa un perjuicio sustancial o impide la revisión del caso en sus méritos. *Carlo Emmanuelli v. The Palmas Academy*, 160 DPR 182 (2003); H. Sánchez Martínez, *Derecho procesal apelativo: práctica jurídica de Puerto Rico*, Lexis Nexis, 2001, pág. 333.

En los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia, pues sobre este descansa la capacidad del tribunal revisor para cumplir su función adjudicativa. H. A. Sánchez Martínez, *op. cit.*, pág. 314. Por ello, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". *Íd.*

Cabe destacar que el hecho de que una persona comparezca por derecho propio no la exime de su obligación de cumplir fielmente con las reglas procesales. *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *Febles v. Romar*, 159 DPR 714 (2003).

### B. Corrección o modificación de una sentencia

La sentencia constituye el pronunciamiento judicial mediante el cual se impone la pena tras un fallo o veredicto de culpabilidad. Regla 162 de Procedimiento Criminal, *supra*. Una vez dictada, se puede corregir o modificar, conforme a los mecanismos previstos por ley. En particular, la Regla 185 de Procedimiento Criminal, *supra*, autoriza al tribunal a corregir en cualquier momento una sentencia

ilegal —aquella dictada sin jurisdicción o en contravención al derecho vigente—, así como a subsanar errores de forma. *Pueblo v. Vélez Torres*, 212 DPR 175 (2023); *Pueblo v. Silva Colón*, 184 DPR 759 (2012); *Pueblo v. Lozano Díaz*, 88 DPR 834 (1963). De otra manera, dispone que el tribunal sentenciador puede rebajar una sentencia dentro de los noventa (90) días desde que se dictó, siempre que no esté pendiente una apelación o dentro de los sesenta (60) días desde que un foro apelativo emitió una determinación.

Por su parte, la Regla 192.1 de Procedimiento Criminal, *supra*, permite que toda persona detenida impugne su sentencia, aun cuando haya advenido final y firme, si se impuso en violación constitucional o legal, sin jurisdicción, en exceso de la pena prescrita o está sujeta a ataque colateral. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020). La moción puede presentarse en cualquier momento ante el tribunal sentenciador, que deberá evaluar si procede anular, corregir o dejar sin efecto la sentencia, celebrar vista, salvo que el expediente demuestre la improcedencia del remedio, y emitir determinaciones de hecho y conclusiones de derecho.

**II.**

Al examinar sosegadamente el presente recurso, concluimos que el peticionario incurrió en un craso incumplimiento con los requisitos esenciales para su perfeccionamiento conforme al Reglamento de este Tribunal. En particular, omitió incluir en el apéndice documentos indispensables para la revisión solicitada, tales como la *Sentencia* cuya revisión interesó y la moción presentada al amparo de las Reglas 185 y 192.1 de Procedimiento Criminal, *supra*. Dichos documentos constituían el punto de partida necesario para delimitar la controversia, auscultar los fundamentos considerados por el foro primario y evaluar la corrección de la determinación recurrida. Su ausencia nos privó de contar con el expediente mínimo indispensable para ejercer adecuadamente nuestra función revisora.

De igual forma, el escrito no cumplió con exponer de manera clara y fundamentada los errores atribuidos al foro primario. Se limitó a formular alegaciones generales sobre la supuesta excesividad de la pena y violaciones constitucionales, sin desarrollar una argumentación jurídica que las sustentara ni relacionarlas con los parámetros específicos que rigen los remedios bajo las Reglas 185 y 192.1 de Procedimiento Criminal, *supra*. Tal deficiencia constituyó un impedimento adicional para que este Tribunal pudiera ejercer su función revisora.

En tales circunstancias, el recurso no quedó perfeccionado ni nos colocó en posición de atender sus planteamientos en los méritos, por lo que procede su desestimación.

**III.**

Por los fundamentos que anteceden, se desestima el presente recurso por craso incumplimiento con las reglas de este Tribunal.

El Departamento de Corrección y Rehabilitación deberá entregar copia de esta *Resolución* al señor González Jorge en la institución donde se encuentre recluido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones